Filed 10/18/24  P. v. Beepath CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082807 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE415631) |
| NICHOLAS SEBASTIAN BEEPATH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Sherry M. Thompson-Taylor, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.

## INTRODUCTION

Nicholas Sebastian Beepath appeals from his misdemeanor conviction for disobeying a domestic violence protective order in violation of Penal Code section 273.6, subdivision (a).[1]  Beepath's appointed appellate counsel filed a

---

[1]  All further statutory references are to the Penal Code.

brief raising no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Beepath did not file a supplemental brief on his own behalf. Our independent review confirms there are no arguable issues on appeal. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2023, a felony complaint charged Beepath with making a criminal threat, a felony under section 422 (count 1), and disobeying a domestic violence protective order, a misdemeanor under section 273.6, subdivision (a) (count 2). On December 20, 2022, Donna Beepath (Donna) obtained a temporary restraining order against Beepath, which he violated without arrest about five times prior to December 29. On December 29, 2022, Beepath went to the Alpine residence of his mother Donna, where her husband and Beepath's younger siblings also lived.

During the December 29 incident, Beepath came to Donna's house at about midnight. Donna could hear him outside, yelling and using profanity. She locked the door from inside, preventing him from using his key to enter the home. This caused Beepath to become "very upset." As he continued to yell, Donna opened the front door and said to him, "You can get your things and go." Beepath responded by allegedly raising his shoulders in a threatening manner and, according to Donna, angrily stating, "I'll break your fucking neck." Scared, Donna called 911. The police arrested Beepath that night, about a quarter mile from Donna's residence.

Prior to trial, the court ordered two mental competency examinations for Beepath pursuant to section 1368. Both times evaluators found Beepath competent to stand trial. During his ensuing trial, Beepath's obstreperous behavior continually disrupted the proceedings, using profanity directed at

2

the trial judge and court personnel, which led to the court having Beepath removed from the courtroom.

The jury could not reach a verdict on count 1 but found Beepath guilty of count 2. The trial court declared a mistrial as to count 1, and subsequently granted the prosecution's motion to dismiss that count.

On September 12, 2023, the trial court issued a criminal protective order against Beepath in favor of Donna for a seven-year term. That same day, the court proceeded with immediate sentencing at Beepath's request. It sentenced him to 364 days on count 2, then gave him credit for time served based on 258 days of actual custody credit and 258 days of local conduct credit, for a total of 516 days of presentence custody credit. The court also found all fines and fees were satisfied by his custody credit.

Beepath filed a timely notice of appeal. His appointed appellate counsel filed a brief raising no arguable issues and asking us to independently review the record for error under *Wende* and *Anders*. Counsel identified one potential issue to assist our review: whether substantial evidence supports Beepath's conviction on count 2. Both appellate counsel and our court informed Beepath of his right to file a supplemental brief, but he has not done so.

## III.

## DISCUSSION

We have reviewed the entire record as required under *Wende* and *Anders*, and considered the potential issue raised by Beepath's appointed counsel. We conclude there is substantial evidence to support his conviction on count 2; there are no other arguable issues that would result in a reversal or modification of the judgment; and competent counsel has represented him on this appeal.

3

## IV.

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DO, J.

4